

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,465-01

### EX PARTE AL LETROY SMITH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS FROM CAUSE NO. 43,986-A IN THE 47TH DISTRICT COURT POTTER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). After filing and setting Applicant's application, this Court held that a court may *sua sponte* consider whether laches should bar an applicant's claim. *Ex parte Smith*, ___ S.W.3d ___, No. WR-79,465-01 (Tex. Crim. App. Oct. 1, 2014). Because this Court held that equity requires giving Smith an opportunity to explain his delay and the current record was silent on the circumstances that may excuse his delay, Smith's application was remanded to the habeas court to make findings of fact and conclusions of law consistent with the *Smith* opinion. This Court further requested the habeas court to supplement the record with any

affidavits, interrogatories, documents, and transcripts.

On February 2, 2015, this Court received the habeas judge's supplemental findings of fact and conclusions of law. Among the judge's other mainly historical findings, the judge found that, "As explanation for the 10 ½ year delay from conviction to the habeas application, applicant, through newly-appointed counsel, points only to his misplaced reliance 'on the care and vigilance' of former appellate counsel Wilson." The habeas judge concluded that Applicant's delay "did not result from justifiable excuse or excusable neglect" and recommended that relief be denied.

Because the record was not supplemented beyond the bare findings and conclusions, we cannot conclude that the judge's findings and conclusions are supported by the record. Although the judge's findings indicate that Applicant was given some sort of opportunity to respond, the record is silent as to the nature of this opportunity and lacks any substantive evidence of it. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, shall be returned to this Court within 30 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: April 15, 2015
Do not publish